### In re: MERCURY

**Gary Mercury and Mary Mercury, Debtors–Appellants–Cross–Appellees,**

v.

**South Liberty Realty Corp., Claimant–Appellee–Cross–Appellant.**

**Docket Nos. 04–6581–K, 05–1237.**

United States Court of Appeals, Second Circuit.

Sept. 22, 2005.

Mark S. Swartz, Law Office of Mark, S. Swartz, Bardonia, N.Y., for Appellants.

Joseph J. Haspel, Goshen, N.Y., for Appellee.

Present: WALKER, Chief Judge, CALABRESI, and STRAUB, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, and **VACATED** and **REMANDED** in part.

Debtors–Appellants Gary and Mary Mercury (collectively, "the Mercurys") appeal the district court's determinations, from proceedings in both its bankruptcy

appellate and trial capacities, of Claimant–Appellee South Liberty Realty Corp.'s ("South Liberty") claim against them, jointly and severally, in the amount of $18,209.70. South Liberty cross-appeals the district court's order affirming the bankruptcy court's vacatur of a state court judgment in its favor against Mary Mercury in the amount of $255,645.00. We presume the parties' familiarity with the facts, the unusual procedural history, and the scope of the issues presented on appeal, which we reference only as necessary to explain our decision.

The Mercurys argue that the district court erroneously vacated the bankruptcy court's decision (and generally rejected the Mercurys' argument) to apply an equitable offset against the interest portion of Gary Mercury's debt to South Liberty. We disagree with South Liberty and the district court that the *Rooker–Feldman* doctrine prevented the bankruptcy court from considering Gary Mercury's "choate and inchoate equitable claims" that other shareholders were not similarly charged interest on their loans. As we recently clarified, the *Rooker–Feldman* doctrine does not deprive an inferior federal court of jurisdiction if the federal plaintiff raises an "independent claim," even if that claim "denies a legal conclusion that a state court has reached in a case to which he was a party." *Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 85–86 (2d Cir.2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* —— U.S. ——, 125 S.Ct. 1517, 1527, 161 L.Ed.2d 454 (2005)). *Rooker–Feldman* applies only if the federal suit is brought to remedy an injury whose source is the state-court judgment itself. *See id.* at 87. Because the Mercurys' adversary proceeding was brought, not to reverse the state court judgment, but to fix the value of Gary Mercury's interest in South Liberty, the *Rooker–Feldman* doctrine is no bar.

The district court relied on the *Rooker–Feldman* doctrine in rejecting the Mercurys' argument that Gary should be allowed an equitable offset against the interest on his loan debt. We find this reliance to be error. Moreover, collateral estoppel does not apply because nothing in the state court's decision indicates that Gary Mercury's claims of unequal shareholder treatment were "actually and necessarily decided" in the state court proceedings. *Colon v. Coughlin,* 58 F.3d 865, 869 (2d Cir.1995) (describing the elements of collateral estoppel under New York law). Therefore, we remand the cause to the district court to consider anew the Mercurys' "choate and inchoate" claims to equal treatment.[1]

The Mercurys also argue that the district court erred in holding Mary Mercury jointly and severally liable for Gary Mercury's debt to South Liberty. Although we affirm, substantially for the reasons Judge Brieant gave, his decision upholding the bankruptcy court's vacatur of the state court judgment against Mary Mercury, the district court opinion does not articulate a rationale for finding her liable for Gary Mercury's debt. Accordingly, we remand for an explanation and, if appropriate, a reconsideration of Mary Mercury's liability in light of the vacatur of the judgment against her.

We affirm the remainder of the district court's decision for the reasons stated by

---

1. We note that the inapplicability of the *Rooker–Feldman* doctrine and of collateral estoppel does not foreclose an argument based on res judicata. *See Hoblock,* 422 F.3d at 92–93; *In re Hunter,* 4 N.Y.3d 260, 794 N.Y.S.2d 286, 827 N.E.2d 269, 274 (2005). Since South Liberty does not raise claim preclusion, however, we decline to address it *mostra sponte,* and deem it waived. *See* N.Y. CPLR 3018 (designating res judicata as an affirmative defense).

Judge Brieant. The district court's determinations as to South Liberty's value, Gary Mercury's 22 percent interest, and the net value of South Liberty's claim against Gary Mercury are therefore affirmed subject to adjustment if Gary Mercury ultimately prevails in seeking an offset of the interest based on alleged unequal shareholder treatment.

We have considered all of the parties' other claims and find them to be without merit. The decision of the district court is therefore AFFIRMED in part and VACATED in part, and the cause is REMANDED for consideration of Gary Mercury's "equal treatment" claim and for an explanation or reconsideration of the basis for Mary Mercury's liability.